1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA
8

9  STANLEY JUSTICE,

10              Plaintiff,                        CIVIL NO.04-5393RBL
        v.
11                                                REPORT AND
                                                   RECOMMENDATION
12  JO ANNE B. BARNHART,
    Commissioner of Social Security,              Noted for October 21, 2005
13
              Defendant.
14

15

16       This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. §

17  636(b)(1)(B), and Local Magistrates Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of

18  H.E.W. v. Weber, 423 U.S. 261 (1976).  This matter has been fully briefed by the parties.  After

19  reviewing the record, the court should REMAND the matter for further consideration.

                          **FACTUAL AND PROCEDURAL BACKGROUND**
20

21       Plaintiff Stanley Justice was born July 1948.  He was 48 years old on the alleged disability

22  onset date of January 23, 1997 and 55 when the ALJ issued the second, partially favorable decision.

23  He is a high school graduate, and has been employed in various physical labor jobs.  Plaintiff  filed an

24  application for social security disability benefits and SSI benefits on May 8, 1997.  His application

25  was denied following a hearing before Administrative Law Judge (ALJ) David Delaittre on October

26  REPORT AND RECOMMENDATION - 1

1   28, 1998.  The Appeals Council declined review on June 25, 2002.  Plaintiff timely appealed to this

2   Court.  On December 19, 2002 based on a stipulation between the parties, the Court ordered that the

3   ALJ's decision be set aside and the matter remanded for further proceedings by the Commissioner.

4   A supplemental hearing was held before ALJ John Bauer on July 29, 2003.  The ALJ determined that

5   Justice was disabled, but that his disability did not commence until July 15, 2003.  The ALJ's

6   decision became the Commissionaire's final decision

7           Plaintiff now brings this action pursuant to section 205(g) of the Social Security Act, as

8   amended, 42 U.S.C. 405(g), to obtain judicial review of the Commissioner's final decision denying

9   his application for disability benefits.  Plaintiff has asked the Court to reverse and set aside the

10  Commissioner's decision and award Plaintiff disability benefits.  Plaintiff alleges the following errors:

11          (i)     The ALJ's step two analysis was legally inadequate

12          (ii)    The ALJ's credibility analysis of Justice's testimony was legally inadequate

13          (iii)   The ALJ failed to properly consider the testimony of Barbara Justice

14          (iv)    The ALJ improperly rejected the Treating Physician's opinion

15          (v)     The ALJ failed to apply Social Security regulation 20 C.F.R. §404.1562(2)

16          (vi)    The ALJ improperly evaluated VE testimony re Justice's limitations

17          After careful consideration of the administrative record, oral argument, and the parties'

18  memoranda, the undersigned recommends that the Court REMAND the matter to the administration

19  for further consideration.

20                                          **DISCUSSION**

21          The Court may set aside the Commissioner's denial of Social Security disability benefits when

22  the ALJ's findings are based on legal error or are not supported by substantial evidence in the record

23  as a whole.  42 U.S.C. §405(g); Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial

24  evidence means more than a scintilla, but less than a preponderance; it is such relevant evidence as a

25  reasonable mind might accept as adequate to support a conclusion.  Magallanes v. Bowen, 881 F.2d

26  REPORT AND RECOMMENDATION - 2

1   747, 750 (9th Cir. 1989).  We consider the evidence as a whole, weighing both evidence that

2   supports, and evidence that detracts from the Commissioner's conclusion.  Smolen v. Chater, 80

3   F.3d 1273 (9th Cir. 1996).  If the evidence admits of more than one rational interpretation, this Court

4   must uphold the commissioner's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

5   Here, the ALJ failed to..

6          A.      The ALJ's Step Two Analysis

7          Plaintiff argues that the ALJ's finding that Justice's mental impairment is "not severe" is

8   contrary to the evidence.  The Commissioner contends that the ALJ's decision is supported by

9   substantial evidence.

10         A severe impairment causes significant limitation in one's physical or mental ability to do

11  basic work activities.  §404.1520©).  An impairment is not severe if it has only a minimal effect on

12  an individual's ability to do basic work activities.  See SSR 85-28, available at 1985 WL 56856 *2.

13  Bowen v. Yuckert, 841 F.2d 303, 3036 (9th Cir. 1986); Smolen v. Chater, 80 F.3d 1273 (9th Cir.

14  1996).

15         In finding that Plaintiff had no severe mental impairment, The ALJ relied on state agency

16  psychologists. [Tr. 227, 235, 532, 607, 350].  Conversely, Dr. Neims diagnosed Justice with

17  depression, alcohol dependence in remission, disorder of written expression, reading disorder, and

18  possibly cognitive disorder, and assessed a GAF of 50.  In rejecting Dr. Neim's opinion, the ALJ

19  noted that when he evaluated Plaintiff, Justice was still drinking.  [Tr. 350, 255].  This assumption is

20  not based on substantial evidence.

21         Several Doctors noted Plaintiff's periods of sobriety during the very times that the ALJ

22  claims Plaintiff was drinking.  [Tr. 210, 95, 501, 493, 522, 280, 275].  The ALJ reasoned that after

23  Plaintiff stopped drinking in 2001, Dr. McCabe noted no problems with confusion or mental status.

24  Confusion is not a symptom of either depression or learning disorders, thus McCabe's clinical

25  observation of "no mental confusion on follow-up visits in 2002 and 2003" provide no basis for

26  REPORT AND RECOMMENDATION - 3

1    accepting his opinion over the diagnosis of mental health specialists Neims, Melson and Reynolds.

2          In stating that Dr. Melson attributed Plaintiff's disability largely to his physical impairments,

3    the ALJ mischaracterizes Dr. Melson's testimony. [Tr. 350].  Melson stated that Plaintiff had

4    treatable dysthymic disorder, and would have difficulty maintaining regular attendance in the

5    workplace due to his health and hearing impairment, *as well as* his moderate level of depression

6    (emphasis added), and would not likely be able to complete a normal workday without interruptions

7    from his depressive symptoms. [Tr. 606].  Dr. Reynolds

8          The Commissioner also wrote that Justice's therapists felt that nothing was significantly

9    wrong.  [Tr. 523].  However, it was Justice, not mental health professionals, who thought there were

10   no problems.  The ALJ's determination of no severe mental  impairment is not supported by

11   substantial evidence.

12          B.      The ALJ Failed to Properly Determine Plaintiff's Credibility

13          Plaintiff argues that the ALJ erred in finding Plaintiff only partially credible.  The reason given

14   by the ALJ for discrediting Plaintiff's testimony was that his daily activities were inconsistent with his

15   subjective complaints of fatigue. [Tr. 352].

16          To reject a Plaintiff's subjective complaints, the ALJ must provide clear and convincing

17   reasons which are supported by substantial evidence.  Morgan v. Commissioner of the SSA, 169

18   F.3d 595, 599 (9th Cir. 1999).          Inconsistencies between a claimant's allegations of disability

19   and activities of daily living bears on the claimant's credibility.  Reddick v. Chater, 157 F.3d 715,

20   722 (9th Cir. 1998).  Questions of credibility are solely within the domain of the ALJ.  Sample v.

21   Schweiker, 694 F.2d at 642.

22          Justice testified that he could perform the activities cited by the ALJ.  He also testified that

23   fatigue allowed him to perform such activities only a couple of hours at a time before he had to take

24   a long nap.  Justice provided objective medical evidence of depression and liver disease.  Both these

25   impairments can cause fatigue.  As Justice's treating physician noted, his symptoms correspond with

26   REPORT AND RECOMMENDATION - 4

1   both cirrhosis of the liver, and depression.  [Tr 269, 577].  The ALJ failed to address how Justice's

2   fatigue affected his ability to sustain a job.  The ALJ failed to give clear and convincing reasons

3   supported by substantial evidence in the record for rejecting Plaintiff's subjective complaints.

4          C.      The ALJ Failed to Properly Consider Lay Testimony

5          The ALJ partially rejected the testimony of Barbara Justice, stating that there is no

6   determined medical impairment that would explain Stanley Justice's reported fatigue.  The ALJ

7   erred.  While lay testimony is competent evidence that the ALJ must consider when discounting

8   testimony, the ALJ must give germane reasons for rejecting the opinions of the lay witnesses.

9   Nguyen v. Chater 100 F.3d 1462, 1467 (9th Cir. 1996), citing Dodrill v. Shalala, 12 F.3d 915, 918-19

10  (9th Cir. 1993).

11         Mrs. Justice testified that her husband can work two to three hours on flowerbeds, but then

12  had to rest for 2-3 hours.    The ALJ rejected Barbara Justice's testimony regarding the effect of

13  fatigue on Mr. Justice because of alleged lack of objective medical evidence of a medical impairment

14  that could cause the fatigue. [Tr. 352]. The Commissioner argues that Mrs. Justice's testimony

15  conflicted with the "detailed, longitudinal medical records" [Defendant's Brief at 18-19], and did not

16  support a finding that Plaintiff was disabled prior to July 2003. [Tr 350, 352].  The ALJ erred.  As

17  Justice's treating physician noted, his fatigue symptoms correspond with both cirrhosis of the liver,

18  and depression. [Tr 269, 577].  Therefore, the ALJ failed to give germane reasons for rejecting Mrs.

19  Justice's testimony .

20         D.      Consideration of Treating Physician's Opinions

21         Plaintiff argues that the ALJ erred by rejecting the opinion of Justice's longtime treating

22  physician.  The Commissioner asserts that Dr. T. Cooke's opinion was inconsistent with that of other

23  treating physicians, contradicted Plaintiff's own testimony about his daily activities, and was not

24  supported by his progress notes. [Defendants Brief at 21].

25         The opinions of treating physicians are given greater weight than the opinions of nontreating

26  REPORT AND RECOMMENDATION - 5

1   physicians.  Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).   In order to reject a treating

2   physician's opinion in favor of a non-treating doctor, the ALJ must provide specific legitimate

3   reasons for doing so that are based on substantial evidence in the record.  Magallanes v. Bowen, 881

4   F.2d 747, 751 (9th Cir. 1989).  When there is conflicting medical evidence, the Commissioner must

5   determine credibility and resolve the conflict.  Thomas, 278 F.3d at 956 quoting Matney v. Sullivan,

6   981 F.2d 1016, 1019 (9th Cir. 1992). When the evidence before the ALJ is subject to more than one

7   rational interpretation, we must defer to the ALJ's conclusion.  Batson, 359 F.3d at 1197-98.

8   Opinions of specialist about medical issues related to his or her area of specialization are given more

9   weight in disability benefits proceeding than opinions of nonspecialists. Social Security

10   Administration Regulations, § 404.1527(d)(5).

11       Dr. Cooke repeatedly stated that Plaintiff's combined hearing loss, depression, and fatigue

12   associated with cirrhosis of the liver precluded work. [Tr. 269, 325, 501-02, 505-06, 577].  The ALJ

13   concluded that Dr. Cooke's treatment notes briefly mention fatigue and depression, but did not

14   support a conclusion of disability prior to July 15, 2003 [Tr. 352].  The fact that Dr. Cooke did not

15   mention fatigue more often is not a legitimate reason to disregard his opinion. The ALJ erred.

16       E.       Failure to Apply Relevant  Social Security Regulation

17       Plaintiff alleges that the ALJ should have applied Social Security regulation 20 C.F.R.

18   §404.1562(a) to Plaintiff's case and found him disabled.  That regulation states:

19

20       If you have no more than a marginal education (see §404.1564) and work experience
        of 35 years or more during which you did only arduous unskilled physical labor, and
        you are not working and are no longer able to do this kind of work because of a
21       severe impairment(s), we will consider you unable to do lighter work, and therefore,
        disabled.

22
        "Marginal education" is defined in the regulations as:
23
        ability in reasoning, arithmetic and language skills which are needed to do simple,
24       unskilled types of jobs.  We generally consider that formal schooling at a 6th grade
        level or less is a marginal education.

25

26   REPORT AND RECOMMENDATION - 6

1     20 C.F.R. 404.1564(a)(2).

2     The arduous labor regulation applies to a claimant with a marginal education and 35 years

3 experience of "arduous unskilled physical labor." Id.  Most of Justice's work as a logging equipment

4 operator was medium level, semi-skilled work, which he performed for 30 years.  [Tr. 72, 129-133,

5 400, 603].  That experience places him outside the regulations requirement of 35 years "unskilled"

6 physical labor.  Additionally, Plaintiff has a high-school education, which generally would fall outside

7 the definition of "marginal education". The ALJ did not err in not finding Justice disabled under this

8 regulation.

9     F.    VE Testimony

10     The Plaintiff argues that a remand for the payment of benefits is warranted, arguing that the

11 ALJ improperly rejected the limitations stated by Dr. Neims in his RFC form. [Plaintiff's Brief at 24].

12 The ME conceded that the limitations identified by Dr. Neims, if accurate, would preclude all jobs.

13 [Tr. 404].  The decision whether to remand a case for additional evidence or simply to award

14 benefits is within the discretion of the court.  Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1989

15 citing Varney, 859 F.2d at 1401.  Remand for further proceedings is appropriate when further

16 administrative proceedings could remedy defects.  Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir.

17 1984).  The ALJ should be given the opportunity to properly reconsider all of the medical evidence

18 as a whole.  The administration will be required to make new findings and conclusions relevant to

19 each of the steps in the five-step sequential analysis.

20                        CONCLUSION

21     The Commissioner's final decision is not based on substantial evidence. Based on the

22 foregoing, the Court should REMAND the matter for further proceedings.  Pursuant to 28 U.S.C. §

23 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days

24 from service of this Report to file written objections. See also Fed.R.Civ.P. 6.  Failure to file

25 objections will result in a waiver of those objections for purposes of appeal.  Tomas v. Arn, 474 U.S.

26 REPORT AND RECOMMENDATION - 7

1    140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

2    matter for consideration on **October 21, 2005** as noted in the caption.

3          DATED this 27th  day of September, 2005.

4

5                                    */s/ J. Kelley Arnold*
                                     J. Kelley Arnold
6                                    U.S. Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   REPORT AND RECOMMENDATION - 8